DECISION.
{¶ 1} Defendant-apellant Bradford Lewis appeals from the trial court's adjudication of him as a sexual predator at a second classification hearing. Because the trial court had initially conducted a deficient classification hearing, this court reversed its first judgment on December 21, 2001. In the opinion remanding the case for a new hearing, we noted, among other things, that "[w]e have consistently held that conviction for a single sexually-oriented offense occurring a decade or more before the sexual-offender-classification hearing, standing alone, is not clear and convincing evidence that the offender is likely to commit another sexually-oriented offense."[1]
{¶ 2} Previously, Lewis had been convicted, after a bench trial, of rape, aggravated burglary, felonious assault, and aggravated robbery. The crimes were committed on December 2, 1976, when Lewis was nineteen years of age. The victim was an eighty-year-old woman. Lewis was sentenced to consecutive prison terms of fourteen to sixty-five years. When Lewis filed a direct appeal, this court affirmed the convictions.[2]
At the time of the first sexual-offender-classification hearing, Lewis was forty-three years of age.
{¶ 3} Before Lewis could be adjudicated a sexual predator by the trial court, the state was required to prove by clear and convincing evidence that Lewis had pleaded guilty to or had been found guilty of a sexually-oriented offense, and that he was likely to engage in the future in one or more sexually-oriented offenses.[3] Clear and convincing evidence is that measure of proof that produces a firm belief as to the allegations sought to be established.[4] It is an intermediate standard, being more than a mere preponderance, but not to the extent of the certainty required by the beyond-a-reasonable-doubt standard.[5]
{¶ 4} Lewis had been convicted of rape, and rape is a sexually-oriented offense.[6] With the prior conviction established, the issue for the trial court to determine was whether Lewis was likely to commit another sexually-oriented offense in the future.[7]
Considering the statutory scheme, the Ohio Supreme Court has promulgated standards for a trial court to follow when conducting a sexual-offender-classification hearing, standards that assist appellate review of the evidence. The trial court should (1) provide a record for appellate review that relates to the issue of whether the offender is likely to recidivate; (2) allow the presentation of expert opinion to assist the trial court in its determination; and (3) consider the ten factors listed in R.C. 2950.09(B)(3)[8] and discuss the particular evidence and factors that relate to the determination regarding the likelihood of recidivism.[9] But the Ohio Supreme Court has held that the statutory factors are merely a nonexhaustive list of examples that a court must consider in a sexual-predator hearing, and that a trial court has discretion to determine what weight, if any, it will assign to each factor.[10] Moreover, a trial court may also consider any other evidence that it deems relevant to determining the likelihood of recidivism.[11]
{¶ 5} For the second hearing, we note that the trial court did grant Lewis's motion for the appointment of a psychological expert at state expense, in accordance with the second aspect of the Eppinger
model. But Lewis then refused to answer any questions or to otherwise cooperate with the appointed expert. While the trial court recognized that Lewis had successfully completed sex-offender treatment programs, this had to be weighed against his more recent refusal to cooperate with the expert appointed at Lewis's own request. The trial court believed Lewis's noncooperation could be held against him as an indicator of likely recidivism. We agree with the trial court's determination that Lewis's refusal to cooperate with the court-appointed expert was an indicator of likely recidivism.
{¶ 6} The trial court satisfied the requirements of the Eppinger
model. The trial court noted the cruelty shown to the eighty-year-old rape victim. She suffered injury to her ribs from being thrown to the floor, and threats were made against her — indications to the trial court of a pattern of abuse. The record showed that the victim had a towel thrown over her face and was told that if she screamed, her neck would be broken. The victim was able to attract help while Lewis searched for money elsewhere in the victim's apartment. As the Fifth Appellate District has noted, an elderly victim indicates an inability or unwillingness on the part of a teenage perpetrator to comply with one of society's rules to protect a class of one of our most vulnerable citizens, and the perpetrator's willingness to act on his violent sexual proclivities at a young age suggests a likelihood to reoffend.[12] The trial court noted that Lewis already had a prior conviction for attempted burglary, and defense counsel agreed that Lewis had "prior contacts." After reviewing the record from the second classification hearing, including the evidence of the disparity of ages between Lewis and the victim, his cruelty against the victim, his record of other offenses, and his lack of cooperation with the expert he requested, we hold that the trial court had sufficient evidence before it to produce a firm belief or conviction that Lewis is likely to commit another sexual offense. Consequently, clear and convincing evidence supported the trial court's judgment that Lewis is a sexual predator. We, therefore, overrule the single assignment of error.
{¶ 7} The judgment of the trial court is affirmed.
Judgment affirmed.
Sundermann, P.J., and Painter, J., concur.
[1] See State v. Lewis (Dec. 21, 2001), 1st Dist. No. C-010274.
[2] See State v. Lewis (July 25, 1979), 1st Dist. No. C-780394.
[3] See R.C. 2950.01(E)(1) and 2950.09(B)(4).
[4] See State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247,743 N.E.2d 881, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477,120 N.E.2d 118.
[5] See id.
[6] See R.C. 2950.01(D)(1).
[7] See State v. Hunter (2001), 144 Ohio App.3d 116, 123,759 N.E.2d 809.
[8] The factors previously found in R.C. 2950.09(B)(2), as discussed inState v. Eppinger, are currently found in R.C. 2950.09(B)(3) as a result of the legislature's amendment of R.C. 2950.09(B). The current version of the statute provides no material changes relevant to this case.
[9] See Eppinger at 166.
[10] See State v. Thompson, 92 Ohio St.3d 584, 588, 2001-Ohio-1288,752 N.E.2d 276.
[11] See id.
[12] See State v. Butler, 5th Dist. No. 2001CA00069, 2002-Ohio-774 (seventy-four-year-old woman who lived alone assaulted and stabbed to death by fifteen-year-old paper boy), appeal accepted for review in96 Ohio St.3d 1438, 2002-Ohio-3344, 770 N.E.2d 1048.